[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-12597
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 23, 2012
JOHN LEY
CLERK

Agency No. A079-662-565

PETRIT NDRECA,
a.k.a. Xhafer Gorja,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(February 23, 2012)

Before BARKETT, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Petrit Ndreca petitions this Court for review of the Board of Immigration Appeals' (BIA) order, which denied his untimely motion to reconsider its dismissal of his appeal of the Immigration Judge's final order of removal and declined to reopen his proceedings sua sponte. Ndreca seeks asylum and withholding of removal, claiming that, if deported to his native Albania, he and his family risk persecution and threats to their personal safety, in part due to his family's affiliation with the Albanian Democratic Party. Ndreca claims that his former counsel provided ineffective assistance, both by failing to file a timely brief before the BIA and by missing the filing deadline for review in this Court. Additionally, Ndreca argues that the BIA erred in finding that he did not demonstrate how alleged changed conditions in Albania materially affect his asylum claim. Last, Ndreca claims that this Court has jurisdiction to review the BIA's refusal to exercise its discretion to reopen proceedings sua sponte pursuant to 8 C.F.R. § 1003.2(a). After thorough review of the parties' briefs and the record, we deny Ndreca's petition for review with respect to his first two claims and dismiss his § 1003.2(a) claim for want of jurisdiction.

I.

We first consider whether the BIA erred when it denied Ndreca's untimely motion to reopen, which argued: (1) that his former counsel provided ineffective

2

assistance by missing a BIA filing deadline and failing to file a timely petition for review in this Court; and (2) that Ndreca provided previously unavailable evidence establishing changed conditions in Albania that materially affected his claim. We review the denial of a motion to reopen an immigration proceeding for abuse of discretion, determining only "whether the BIA exercised its discretion in an arbitrary or capricious manner." Jiang v. U.S. Att'y Gen., 568 F.3d 1252, 1256 (11th Cir. 2009). Here we conclude that the BIA did not abuse its discretion in denying Ndreca's untimely motion to reopen because, on this record, no exception to the timeliness requirement applies.

Generally, an alien must file his motion to reopen removal proceedings within ninety days of the BIA's final administrative removal order. 8 U.S.C. § 1229a(c)(7)(A), (C)(i). The filing deadline is mandatory and jurisdictional, and therefore not subject to equitable tolling. See Abdi v. U.S. Att'y Gen., 430 F.3d 1148, 1150 & n.2 (11th Cir. 2005) (finding no abuse of discretion in BIA's denial of untimely motion to reopen, and thus declining to address the underlying ineffective assistance claim); see also Anin v. Reno, 188 F.3d 1273, 1278–79 (11th Cir. 1999) (refusing to apply equitable tolling to motion to reopen alleging ineffective assistance of counsel).

However, the deadline does not apply for a motion premised upon changed

country conditions, so long as that motion is supported by evidence that the changes are material, and the evidence was not available and could not have been discovered or presented at the previous removal hearing. See Jiang, 568 F.3d at 1256 (applying 8 U.S.C. § 1229a(c)(7)(C)(ii)). Proving materiality is a particularly "heavy burden," though, because the alien must demonstrate "that, if the proceedings were opened, the new evidence would likely change the result in the case." Id. at 1256–57.

With respect to his ineffective assistance of counsel argument, Ndreca is correct that an alien may sometimes succeed in having his proceedings reopened due to counsel's ineffective assistance. See Dakane v. U.S. Att'y Gen., 399 F.3d 1269, 1273 (11th Cir. 2005). But that exception does not apply here. Ndreca's motion to reopen was untimely and equitable tolling was not available. Moreover, at least three years passed between the conclusion of Ndreca's direct appeal and his motion to reopen, suggesting a lack of diligence that argues against equitable tolling even if it were available.

Further, in his motion to reopen, Ndreca did not demonstrate how his attorney's errors prejudiced him. See id. at 1274 (requiring, among other things, a showing of prejudice to succeed on a motion to reopen based on ineffective assistance). The BIA affirmed the IJ's determination that Ndreca's testimony was

4

not credible, based on discrepancies with other testimony in the record, and stated that Ndreca could not meet his evidentiary burden absent credible testimony. And the BIA and IJ's decisions would have been reviewed under the highly deferential standard of substantial evidence. See Najjar v. Ashcroft, 257 F.3d 1262, 1283–84 (11th Cir. 2001). Ndreca has not offered any basis for this Court to find "a reasonable probability that but for the attorney's error, the outcome of the proceedings would have been different." Id. at 1273. For each of these reasons, Ndreca's ineffective assistance claim fails.

Moving to Ndreca's second argument, we conclude that the BIA did not abuse its discretion in finding that Ndreca did not show how alleged changed conditions in Albania materially affect his asylum claim.[1] Specifically, Ndreca failed to establish that conditions for Albanian Democratic Party members had changed materially, such that the disposition of his asylum claim might have changed. See Jiang, 568 F.3d at 1256–57. In his affidavit supporting his motion, for instance, Ndreca stated that "Albania remains under the same conditions with

---

[1] We need not address Ndreca's expressed fear that his children face a risk of being kidnaped and trafficked in Albania, due to their U.S. citizenship, or that he is more likely to be persecuted because of their nationality. The risk of harm to Ndreca's family members, though understandably worrisome, does not establish that he harbors a well-grounded risk of future persecution. In re A–K–, 24 I. & N. Dec. 275, 278–79 (BIA 2007); see also Zhang v. U.S. Att'y Gen., 572 F.3d 1316, 1319 (11th Cir. 2009) (stating that petitioner cannot avoid the requirement of changed country conditions by demonstrating only a change in his personal circumstances).

the same problems and corruption ever since I can remember." And, though Ndreca provided evidence that Albania's political crisis was intensifying, he did not explain why he himself fears persecution as a result. See Mazariegos v. U.S. Att'y Gen., 241 F.3d 1320, 1328 (11th Cir. 2001) (stating that asylum eligibility does not extend "to anyone who fears the general danger that inevitably accompanies political ferment and factional strife"). Such an explanation would have been particularly appropriate given that Ndreca claims to fear persecution in part due to his affiliation with a political party that, unlike when he originally petitioned for relief nine years ago, now governs the country. Last, we are mindful that Ndreca's claim of worsening conditions for Albanian Democratic Party members rests on the assumption that he was indeed a member of that party, an assumption belied by the IJ's conclusion that his testimony was not credible and the fact that his party membership card could not be authenticated before the BIA. Having concluded that the BIA did not abuse its discretion in denying Ndreca's untimely motion to reopen, we deny in part his petition for review.

## II.

Last, Ndreca urges that we review the BIA's decision not to exercise its discretion and reopen his proceedings sua sponte pursuant to 8 C.F.R. § 1003.2(a). We must initially determine whether we do, in fact, have subject-matter

jurisdiction to review such a claim. See Lenis v. U.S. Att'y Gen., 525 F.3d 1291, 1292 (11th Cir. 2008). We have previously held that we lack jurisdiction to review the BIA's denial of a motion to reopen based on its sua sponte authority. See id. at 1292–94. This is because the source of that authority, 8 C.F.R. § 1003.2(a), provides no meaningful standard against which to evaluate the BIA's exercise of its own discretion. Id. Thus far, the Supreme Court has not instructed us differently. See Kucana v. Holder, 130 S. Ct. 827, 839 n.18 (2010) ("We express no opinion on whether federal courts may review the Board's decision not to reopen removal proceedings sua sponte. Courts of Appeals have held that such decisions are unreviewable because sua sponte reopening is committed to agency discretion by law.").

Nor does the fact that Ndreca's claim is based on the alleged ineffective assistance of his counsel change our analysis. We still lack jurisdiction, having clearly stated that "the failure to receive relief that is purely discretionary in nature does not amount to a deprivation of a liberty interest." Garcia v. U.S. Att'y Gen., 329 F.3d 1217, 1224 (11th Cir. 2003); see also Scheerer v. U.S. Att'y Gen., 513 F.3d 1244, 1253 (11th Cir. 2008) (concluding that the failure to receive discretionary relief does not amount to a due process violation).

Thus, we dismiss this petition insofar as it requests that we review the BIA's

decision not to reopen the proceedings through its own <u>sua sponte</u> authority.

**PETITION DENIED IN PART AND DISMISSED IN PART**.